SMITH, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s view that the weight of persuasive precedent holds that Goss need not plead or prove specific predatory intent to prevail under the Anti-dumping Act of 1916. However, I disagree regarding the adequacy of the district court’s jury instruction on intent. Competition is the very hallmark of American free enterprise. Limitations upon it should not be lightly imposed or enforced. As noted by Geneva Steel Co. v. Ranger Steel Supply Corp., 980 F.Supp. 1209, 1224 (D.Utah 1997), while the 1916 Act clearly protects competitors as well as competition, it neither criminalizes nor prohibits normal competition or capitalism. TKS is certainly entitled to place its products into the American press market, as long as it does not do so with the prohibited intent to injure or destroy the United States press industry. Intent to injure under the 1916 Act requires more than an intent to cause pecuniary loss.
We review the district court’s jury instructions for abuse of discretion “looking to the instructions as a whole to determine whether they fairly submitted the issues to the jury.” Boerner v. Brown & Williamson Tobacco Co., 394 F.3d 594, 603 (8th Cir.2005). In instructing the jury on intent in this case, the district court stated:
Intent is defined by the law as that purpose with which a person acts. The phrase “intent of injuring” does not mean an evil desire or a motive of causing harm. To act with an “intent of injuring” means to act with an intent to cause pecuniary loss, rather than simply to win sales and earn profits for oneself. The phrase “intent of destroying” means to act with an intent to put a United States industry out of business.
The district court erred in instructing the jury that “intent of injuring” only requires proof of an “intent to cause pecuniary loss.” TKS maintains that a party cannot intend to win sales for itself without also intending to cause pecuniary loss to its competitors. Within the unique facts of this case, I believe they are correct. In a very limited, specialized market such as the press industry, winning a sale from a *1100 competitor, even by legitimate efforts, would likely result in “pecuniary loss” to another seller. Something more than reduced sales must be shown to justify the imposition of treble damages under the Act.
Therefore, because the district court erred in its instruction that “intent of injuring” means “intent to cause pecuniary loss,” a new trial should be granted.